UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Lance Gordon Ocampo<br><br>  Plaintiffs,<br><br>v.<br><br>Corizon LLC et al,<br><br>  Defendants. | Case No.  1:18-cv-0047-EJL<br><br>**DISCOVERY PLAN** |

# I. <u>Preservation</u>

    a. **<u>Preservation & Proportionality:</u>**  The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

    b. **<u>Electronically Stored Information (ESI):</u>**  With regard to ESI, the parties agree that:

        i. **<u>Date Range:</u>**  Only ESI created or received between **March 2015 to present** will be preserved;

        ii. **<u>Scope of Preservation:</u>**  The parties agree to:

            1. Preserve the Following Types of ESI:

      c. Emails and electronic records that are related to the incarceration and medical treatment while in IDOC custody as stated in the Scope of Discovery, Paragraph III herein.

          2. From the Following Custodians or Job Titles:

            a. Idaho Department of Corrections

            b. Corizon LLC

   iii. Not Preserved: Among the sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following:

          1. Employees' personal electronic devices (E.g. voicemails, PDAs, mobile phones, instant messaging) unless they contain information related to Plaintiff or the delivery of medical and dental care to Plaintiff to the extent they have it in their possession, custody or control or can obtain them at this time

          2. From the Following Systems, Servers, or Databases

            a. Idaho Department of Corrections

            b. Corizon LLC

   ii. **Cost Sharing:**

      ☒*[The parties agree to bear their own costs for preservation of e-discovery]*

## II. Initial Disclosures

   a. The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the following dates:

- Plaintiffs:    fourteen (14) days from April 4, 2018 scheduling conference.

- Defendants:   fourteen (14) from April 4, 2014 scheduling conference.

## III.   Scope of Discovery

a. **Privileges**: This Discovery Plan does not modify or eliminate any privileges set forth in the Federal Rules of Civil Procedure.

b. **Scope:**  Discovery is necessary on the following subjects/issues:

- For Plaintiff:

    1. IDOC and Corizon records regarding incarceration, medical and dental care provided to Plaintiff while in the custody of IDOC, including:

        A. any related policy and procedure in place at that time, and any other related standards and/or guidelines;

        B. any files, records, logs, policies and procedures, contracts, performance, audits and evaluations, training, supervision, investigations, time and attendance records, billings;

        C. any records regarding his prison programing and ryder programing, housing, evaluations and counseling;

        D. Defendants' Affirmative Defenses.

    2. Plaintiff's IDOC inmate file.

- For Defense:

       1. Plaintiff's medical and billing records five years prior to incarceration and after incarceration to the present.
       2. Plaintiff's claims in this case.

## IV. Discovery Boundaries

    a. **Limits:** The parties agree to limit the number of discovery tools as follows:

        ☒ Depositions:         Ten per party (not including experts)

        ☒ Interrogatories:       Per FRCP per party.

        ☐ Requests for Production:   None.

## V. ESI

    a. **ESI File Format:** The parties agree to produce documents in the following file format[s]:

        ☒ PDF; and/or

        ☒ Paper.

    b. **ESI Production Format:** The parties agree that documents will be produced:

        ☒ with logical document breaks;

        ☒ as searchable;

    c. **ESI Search Methodology**: The parties have agreed to use the following search methodology:

        ☒ Keyword search;

d. **Search Methodology – Transparency:**  The parties agree that they will share their search methodology for responding to requests for production of ESI to the following extent: As requested.

e. **E-mail Custodian List Exchange:**  On or before April 11, 2018, the parties agree to exchange lists identifying (1) likely e-mail custodians of information regarding Plaintiff's care and custody, and (2) subject to the approval of Plaintiff, a specific identification of relevant listed e-mail custodians in view of the pleaded claims and defenses.

f. **Discovery Re E-mail Custodians, Search Terms & Time Frames:**  Each requesting party may propound up to *5* written discovery requests and take *one* deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests.  The court may allow additional discovery upon a showing of good cause.

g. **Form of E-mail Production Requests:**  E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

h. **Limits on E-mail Production Requests – Custodians:**  Each requesting party shall limit its e-mail production requests to relevant parties relating to the allegations at issue in this lawsuit up to a total of *8* custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the court's leave.

    i. **Limits on E-mail Production Requests – Keyword Search Terms:** Each requesting party shall limit its e-mail production requests to terms relating to the Plaintiff and the allegations at issue in this lawsuit up to a total of *10* keyword search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The keyword search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

    j. **Liaison:** Each party *will identify* a Liaison who is responsible for, and knowledgeable about (or has access to a person knowledgeable about), that party's ESI. This includes the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the Liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## VI. Deadlines

    a. The deadline for the completion of fact discovery is: December 14, 2018.

    b. The deadline for completion of expert witness discovery is December 14, 2018.

## VII. Documents Protected From Discovery

    a. **Clawback:**  Pursuant to Fed. R. Evid. 502(d), the parties request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding.

    b. **Quick Peek:**  The parties

        ☒*[agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case]*

## VIII. Protective Order

    a. The parties have agreed that a Protective Order to protect *trade secrets, proprietary material, personal information, etc* is not necessary at this time. However, the parties have discussed that a protective order may become necessary as discovery continues and then the parties will cooperate and submit the terms of a Protective Order to the Court for its approval.

    b. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

United States District Court
Northern District of California

CHECKLIST FOR RULE 26(f) MEET AND CONFER
REGARDING ELECTRONICALLY STORED INFORMATION

In cases where the discovery of electronically stored information ("ESI") is likely to be a significant cost or burden, the Court encourages the parties to engage in on-going meet and confer discussions and use the following Checklist to guide those discussions. These discussions should be framed in the context of the specific claims and defenses involved. The usefulness of particular topics on the checklist, and the timing of discussion about these topics, may depend on the nature and complexity of the matter.

I. **Preservation**
- ☐ The ranges of creation or receipt dates for any ESI to be preserved.
- ☐ The description of data from sources that are not reasonably accessible and that will not be reviewed for responsiveness or produced, but that will be preserved pursuant to Federal Rule of Civil Procedure 26(b)(2)(B).
- ☐ The description of data from sources that (a) the party believes could contain relevant information but (b) has determined, under the proportionality factors, is not discoverable and should not be preserved.
- ☐ Whether or not to continue any interdiction of any document destruction program, such as ongoing erasures of e-mails, voicemails, and other electronically-recorded material.
- ☐ The names and/or general job titles or descriptions of custodians for whom ESI will be preserved (e.g., "HR head," "scientist," "marketing manager," etc.).
- ☐ The number of custodians for whom ESI will be preserved.
- ☐ The list of systems, if any, that contain ESI not associated with individual custodians and that will be preserved, such as enterprise databases.
- ☐ Any disputes related to scope or manner of preservation.

II. **Liaison**
- ☐ The identity of each party's e-discovery liaison.

III. **Informal Discovery About Location and Types of Systems**
- ☐ Identification of systems from which discovery will be prioritized (e.g., email, finance, HR systems).
- ☐ Description of systems in which potentially discoverable information is stored.
- ☐ Location of systems in which potentially discoverable information is stored.
- ☐ How potentially discoverable information is stored.
- ☐ How discoverable information can be collected from systems and media in which it is stored.

IV. **Proportionality and Costs**
- ☐ The amount and nature of the claims being made by either party.
- ☐ The nature and scope of burdens associated with the proposed preservation and discovery of ESI.
- ☐ The likely benefit of the proposed discovery.
- ☐ Costs that the parties will share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor or a shared document repository, or other cost-saving measures.

*Revised December 1, 2015*

- ☐ Limits on the scope of preservation or other cost-saving measures.
- ☐ Whether there is relevant ESI that will not be preserved pursuant to Fed. R. Civ. P. 26(b)(1), requiring discovery to be proportionate to the needs of the case.

## V. Search

- ☐ The search method(s), including specific words or phrases or other methodology, that will be used to identify discoverable ESI and filter out ESI that is not subject to discovery.
- ☐ The quality control method(s) the producing party will use to evaluate whether a production is missing relevant ESI or contains substantial amounts of irrelevant ESI.

## VI. Phasing

- ☐ Whether it is appropriate to conduct discovery of ESI in phases.
- ☐ Sources of ESI most likely to contain discoverable information and that will be included in the first phases of Fed. R. Civ. P. 34 document discovery.
- ☐ Sources of ESI less likely to contain discoverable information from which discovery will be postponed or avoided.
- ☐ Custodians (by name or role) most likely to have discoverable information and whose ESI
- ☐ will be included in the first phases of document discovery.
- ☐ Custodians (by name or role) less likely to have discoverable information and from whom discovery of ESI will be postponed or avoided.
- ☐ The time period during which discoverable information was most likely to have been created or received.

## VII. Production

- ☐ The formats in which structured ESI (database, collaboration sites, etc.) will be produced.
- ☐ The formats in which unstructured ESI (email, presentations, word processing, etc.) will be produced.
- ☐ The extent, if any, to which metadata will be produced and the fields of metadata to be produced.
- ☐ The production format(s) that ensure(s) that any inherent searchablility of ESI is not degraded when produced.

## VIII. Privilege

- ☐ How any production of privileged or work product protected information will be handled.
- ☐ Whether the parties can agree upon alternative ways to identify documents withheld on the grounds of privilege or work product to reduce the burdens of such identification.
- ☐ Whether the parties will enter into a Fed. R. Evid. 502(d) Stipulation and Order that addresses inadvertent or agreed production.

*Revised December 1, 2015*　　　　2