UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LANCE GORDON OCAMPO,

     Plaintiff,

CORIZON, LLC., a Missouri
Corporation; DIANNA COLLINS;
BRIAN CROWL, Lieutenant North
Idaho Correctional Institution; JIM
DUNNING, KEITH BOLIN; PATTI
SCHMITT; and JOHN/JANE DOES 1-
10,

     Defendants.

Case No. 1:18-cv-00047-DCN

**MEMORANDUM DECISION AND
ORDER**

## I. INTRODUCTION

Pending before the Court is Defendants Corizon, LLC, Dianna Collins, Patti Schmitt, and Keith Bolin's ( "Corizon Defendants") Bill of Costs (Dkt. 123) as well as Defendant Jim Dunning's Bill of Costs (Dkt. 124) (the "Bills"). Both Bills were filed pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. Dkts. 123, 124. Plaintiff Lance Gordon Ocampo has filed an objection to the Bills. Dkt. 128. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc.

Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES both the Bills.

## II. BACKGROUND

In this suit, Ocampo brought federal claims under the Eighth Amendment to the United States Constitution, and various state law claims. Dkt. 1. On October 21, 2020, the Court granted summary judgment in favor of all Defendants, and judgement was thereafter entered accordingly. Dkts. 121, 122. On November 4, 2020, Defendants filed their Bills of Costs against Ocampo, collectively seeking to recover $10,732.33 in Deposition Costs. Dkts. 123, 124. On November 17, 2020, Ocampo timely filed his objection to the Bills. Dkt. 128. On December 11, 2020, the Corizon Defendants filed a Response to Ocampo's objection. Dkt. 130. Dunning chose not to file a response. Ocampo then filed a final reply. Dkt. 132.

## III. ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Additionally, the District's Local Civil Rules provide that "(1) Within fourteen (14) days after entry of a judgment, under which costs may be claimed, the prevailing party must serve and file a cost bill in the local form prescribed by the Court. No such bill may be filed before the parties have met and conferred regarding costs." Dist. Idaho. Loc. Civ. R. 54.1(a)(1).

Before even addressing the merits of the Bills, Ocampo begins by arguing that the Defendants failed to comply with the "meet and confer" requirement of Local Rule 54.1

before filing their respective Bills and that, in light of this failure, the Court should reject their Bills. The Corizon Defendants readily recognize their failure to meet and confer (Dkt. 130, at 2) but try and justify it by claiming, essentially, that "it would have been pointless," because Ocampo would not have consented to their pursuit of an award of costs. Be that as it may, Defendants are still required to comply with the Local Rules like everyone else even in the event that the exercise may prove fruitless. Now, it does appear the parties eventually met (albeit after the bill was filed) on December 9, 2020, but were unable to resolve their differences. In short, the Court will address the merits of the parties' arguments even though the procedural posture is flawed.

The Court returns to its discussion of discretion under Rule 54(d)(1). Rule 54(d)(1) presumes that costs will be awarded to the prevailing party, and that "the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). Additionally, while the rule creates a presumption that costs will be awarded to the prevailing party, the rule "vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). However, this discretion is not unlimited and a district court must give reasons when refusing to award costs. *Id.* at 591. The Ninth Circuit has noted that:

> [a]ppropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not "an exhaustive list of 'good reasons' for declining to award costs," but rather a starting point for analysis.

*Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (citing *Escriba v. Foster Poultry*

MEMORANDUM DECISION AND ORDER - 3

*Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014)).  Further, "Although the final two factors focus on the financial resources of the parties, proceeding in forma pauperis does not, by itself, exempt a prisoner from paying costs." *Id.*  While Ocampo is no longer incarcerated, these principles still apply. A pro se (non-prisoner) party likewise cannot avoid costs simply because he or she is indigent. That said, the Court is also allowed to consider a party's "limited resources" or "limited budget" when determining the amount of any award. *Nat'l Org. for Women v. Bank of California, Nat. Ass'n*, 680 F.2d 1291, 1294 (9th Cir. 1982). The final facts must only "be considered in the context of the record as a whole." *Draper*, 836 F.3d at 1087.  Finally, a losing party need not establish all five factors for a court to deny costs, but instead, the list only provides the starting point for analysis. *Id.*

The Court has considered the various *Draper* factors and, as will be explained below, ultimately finds they weigh against imposing costs on Ocampo.

First, there is a substantial public importance in this case. Eighth Amendment cases seeking to protect individuals against any deliberate indifference to their serious medical needs are important. *See Draper*, 836 F.3d at 1088 (deeming "individual Eighth Amendment cases [as] important for safeguarding the rights and safety of prisoners").

Second, although the Court granted summary judgment in favor of Defendants, Ocampo did not file his complaint in bad faith. The court recognized that Ocampo was initially misdiagnosed by Defendants. However, Ocampo could not establish the Defendants actually knew of, and disregarded, that risk of harm to him as required by the Eighth Amendment. Therefore, Summary Judgment was granted for the Corizon

MEMORANDUM DECISION AND ORDER - 4

Defendants. That said, there was no evidence of bad faith or misconduct in bringing this lawsuit against the Defendants. Ocampo simply could not meet the high standard to support his Eighth Amendment claims.

Third, granting a $10,732.33 award would have a chilling effect on similar Eighth Amendment challenges regarding the denial of medical treatment for prisoners with serious medical needs. *See Draper*, 836 F.3d at 1088 (explaining the award of Bill of Costs in an Eighth Amendment challenge would chill similar lawsuits, because "even those with meritorious cases may choose not to risk an unsuccessful lawsuit that could add to the fees and costs associated with conviction and imprisonment"). *See also Stanley v. Univ. of S. California*, 178 F.3d 1069, 1080 (9th Cir. 1999) ("Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Educ.,* 347 U.S. 483, 74 S. Ct. 686, 98 L. Ed. 873 (1954).").

Finally, Ocampo has limited financial resources and there is a clear economic disparity between the parties. Ocampo has $100 in his savings account, and his net income is just enough to pay his living expenses. Ordering Ocampo to pay any costs to the Defendants in this case would leave Ocampo indigent and unable to pay his living expenses. Additionally, the economic disparity between Defendants—particularly Corizon, a private for-profit corporation—and Ocampo is self-evident. Such as large award of costs would create a severe injustice to Ocampo. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ("in the rare occasion where severe injustice will result from an award of costs (such as the injustice that would result from an indigent plaintiff's

being forced to pay tens of thousands of dollars of her alleged oppressor's legal costs), a district court abuses its discretion by failing to conclude that the presumption has been rebutted.")

In sum, awarding costs to Defendants in this case would be inequitable, because Eighth Amendment challenges regarding the denial of medical treatment for prisoners have substantial public importance, an award of costs may chill future meritorious civil lawsuits, and Ocampo has limited financial resources. Accordingly, the Court will not award Defendants the amounts sought in their Bills.

## IV. ORDER

The Court HEREBY ORDERS:

1. Defendants' requests that they be awarded the amounts outlined in their Bills of Costs (Dkts. 123, 124) are DENIED.

DATED: February 2, 2021

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6